**Lucile LOWRY and Lowry-Zweig Corp., Appellants,**

v.

**The BALTIMORE AND OHIO RAILROAD COMPANY, the Chesapeake & Ohio Railroad Company and Chessie System Inc.**

No. 81–1976.

United States Court of Appeals, Third Circuit.

July 5, 1983.

Certiorari Denied Oct. 11, 1983.

See 104 S.Ct. 238.

Before SEITZ, Chief Judge, ALDISERT, ADAMS, GIBBONS, HUNTER, GARTH, SLOVITER and BECKER, Circuit Judges.

JAMES HUNTER, III, Circuit Judge.

### STATEMENT RE DENIAL OF PETITION FOR MODIFICATION OF JUDGMENT

GIBBONS, Circuit Judge.

Lucile Lowry and Lowry-Zweig Corp. have petitioned for modification of the judgment entered by this court, 707 F.2d 721 in the above entitled matter insofar as the judgment purported to affirm the dismissal of their federal law claims. They point out, and it is undisputed, that the sole basis for the district court's dismissal of

on panel rehearing only.

those claims was rejected by a majority of this court in banc. They point out, further, and it is undisputed, that in an earlier pretrial ruling the district court held that federal law causes of action attaching to securities were automatically assigned on transfer of those securities and thus belonged to the plaintiffs. Finally they point out, and it is undisputed, that there is no majority in the court in banc for a reversal of the district court's ruling on automatic assignability of federal law claims. Under those circumstances, they urge, the only proper judgment is a reversal of the dismissal of the federal law claims.

In *United States v. Bazzano,* No. 81–1836, a case argued before the court in banc on the same day that this case was argued, no majority of the court could agree upon a reason for reversing either of the rulings of the district court upon which the judgment appealed from rested. The consequence, properly so, was an affirmance of that judgment. No explanation has been proffered by this court for the inconsistent treatment of the litigants with respect to an identical issue of appellate procedure arising in two cases argued on the same day. No explanation that could stand public scrutiny can be given.

The petition to modify the judgment should be granted. It has not been. But if the Supreme Court is concerned about public perceptions as to the integrity of the federal appellate process, it should grant certiorari in this case and formally vacate the unsupportable judgment of this court.