Vincent J. CIARLANTE, Plaintiff,

v.

CSX CORPORATION, the Chesapeake & Ohio Railway Company and the Baltimore & Ohio Railroad Company, Defendants.

Civ. A. No. 84–1135.

United States District Court, W.D. Pennsylvania.

Feb. 27, 1986.

Robert B. Block, New York City, Leonard Mendelson, Pittsburgh, Pa., for plaintiff.

Richard T. Wentley, Reed Smith Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION

### GERALD J. WEBER, District Judge.

### A. HISTORY OF RELATED ACTIONS

On December 13, 1977, the Baltimore & Ohio Railroad Company (B & O) transferred virtually all of its non-rail assets to a wholly-owned company, Mid Allegheny Corporation (MAC). On that same date, without notice to B & O debenture holders, B & O declared a dividend-in-kind of MAC stock on B & O's common stock. In the first of the related actions which arose out of this transaction, plaintiffs who were holders of certain B & O convertible debentures as of December 13, 1977 claimed that the lack of notice deprived them of a valuable opportunity to participate in this dividend-in-kind by exercising their conversion options. This initial suit was commenced in our court on December 28, 1977. *Pittsburgh Terminal Corp. v. Baltimore & Ohio Railroad Co.*, Civil Action No. 77–1455.

A second suit was brought on January 22, 1979 by Monroe Guttman, the president and principal shareholder of Pittsburgh Terminal Corporation, and others, as B & O debentureholders on behalf of all debentureholders *as of* December 13, 1977, the date of the MAC dividend. *Guttman v. The B & O*, Civil Action No. 79–94. Class action certification was denied in *Guttman* on April 3, 1980. This denial was based at least in part the existence of a Stipulation by Defendants to treat all similarly situated debentureholders in the same manner as plaintiffs. The *Pittsburgh Terminal Corporation* case and the *Guttman* case were consolidated for trial. After two appellate reviews, liability has been determined in these cases, and plans are being made to notify all those eligible to participate in the remedy.

A third case was filed on October 22, 1979, wherein plaintiffs sought to represent a class consisting of all debentureholders as of the time judgment is rendered, plus any debentureholders who had converted their debentures before the entry of final judgment. *Lowry v. B & O*, Civil Action No. 79–1504. On April 7, 1980 conditional class action status was granted to the Lowry plaintiffs but limited to those persons who purchased or converted their debentures *after* December 13, 1977. No further orders were issued governing the conduct of the case as a class action. On May 15, 1981, the district court granted summary judgment against the *Lowry* plaintiffs. On May 10, 1983, the Third Circuit issued an *en banc* decision in *Lowry*, dismissing all the Lowry plaintiffs' claims under the Federal Securities Laws and remanding the state claims to the district court. *Lowry v. B & O, et al.*, 707 F.2d 721 (3d Cir.1983) *cert. den.* 464 U.S. 893, 104 S.Ct. 238, 78 L.Ed.2d 229 (1983). A motion for summary judgment in the *Lowry* case has been granted in favor of the defendants on this date. 629 F.Supp. 532 (W.D.Pa.1986).

### B. POSTURE OF THIS CASE

The present action was filed by Ciarlante on November 1, 1983 in the Southern District of New York a few weeks after the Supreme Court denied certiorari in *Lowry*. Ciarlante also filed a motion for class certification, but the New York District Court granted defendants' motion to transfer without granting class certification. The case was transferred and assigned to this court as related, since Ciarlante's claims arise out of circumstances identical to the related actions wherein a dividend-in-kind of MAC stock was declared on December 13, 1977 without notice to B & O debentureholders. Proceedings were stayed in this case and the motion for class certification was held under advisement while the parties pursued their appeals in *Pittsburgh Terminal Corporation* and *Guttman*. After the related appeals were finally determined, the defendants filed with this court a motion for summary judgment. All pending motions are now fully briefed and awaiting our decision.

## 1. MOTION FOR CLASS CERTIFICATION

■ Ciarlante, who holds debentures *acquired before* December 13, 1977, as well as debenture *acquired after* December 13, 1977,[1] seeks to represent a class consisting of all holders of B & O debentures as of the time final judgment is rendered and all holders of debentures who have converted them into B & O common stock after December 13, 1977 and before final judgment is rendered. Plaintiff has predicated his class action on Fed.R.Civ.P. 23(b)(3) alleging predominance of common questions of fact and law and the superiority of a class action.

Defendants argue that in light of the pending litigation, another class action would not be superior to available methods of fairly and efficiently adjudicating the matters in issue. We note in this regard that while the *Pittsburgh Terminal* case is not a class action, during its pendency, B & O entered into an agreement with the Trustee for the Debentures, Chase Manhattan Bank, whereby B & O agreed with Chase that if the *Pittsburgh Terminal/Guttman* plaintiffs prevailed "on the merits of their claims ..., all holders of debentures as of December 15, 1977, whether or not they were subsequently converted, will be permitted to participate in the court judgment ... on the same terms as the plaintiffs." (Affidavit of Robert F. Hochwarth, Esq., ¶ 4). Thus the remedy in the *Pittsburgh Terminal/Guttman* cases, by stipulation, will be made available to:

1) debentureholders on December 13, 1977 who still hold at the time of final judgment, and

2) debentureholders on December 13, 1977 who subsequently converted their debentures to B & O common stock.

We see no reason now to assume that a class action in this case would provide a superior alternative for the fair and efficient adjudication of this controversy than that which has already been crafted in related actions. The *Pittsburgh Terminal/Guttman* case has unquestionably been vigorously and competently litigated. To the extent that *Ciarlante* seeks to represent plaintiffs similarly situated to those in *Pittsburgh Terminal/Guttman* to whom a remedy will by stipulation be made available, the motion for certification will be denied.

■ The other categories of plaintiffs which Ciarlante seeks to represent are those who purchased their debentures *after* December 13, 1977. These plaintiffs are clearly already within the class certified in *Lowry*.[2] Thus we see no reason to grant Ciarlante's motion for class certification, and it will be denied.

## 2. MOTION FOR SUMMARY JUDGMENT

Defendants agree that plaintiff is entitled to participate in the *Pittsburgh Terminal/Guttman* recovery to the extent that he held debentures on December 13, 1977 regardless of the results of this suit. Therefore, defendants' motion for summary judgment addresses only those claims with respect to debentures *acquired after* December 13, 1977.

■ Ciarlante asserts that as a holder of debentures *acquired after* December 13, 1977, he is an assignee by operation of law

---

**1.** Ciarlante held debentures in the amount of $10,000 on December 13, 1977 and thereafter increased his holding in B & O debentures nearly ninefold, acquiring an additional $90,000 in face amount of debentures by purchases dating from October 4, 1979 to August 22, 1980. (Complaint, para. 21 as amended by Stipulation and Order). Some of these debentures were converted after December 13, 1977 into B & O common stock which Ciarlante still owns.

**2.** In his brief opposing summary judgment, Ciarlante states that he is only a tentative member of the *Lowry* class because notice of pendency with an opportunity to request exclusion has yet to be given in the *Lowry* case. No order requiring notice or an option to be excluded was entered in *Lowry*, and the order was expressly made conditional. We believe the disposition of the sole question of law remaining in *Lowry* moots any further class action determination.

of the claims that prior debentureholders could have asserted. In effect, the claims "travel" with the debenture and a transfer of the debenture acts as an automatic assignment of any claims which a prior holder could have brought in connection therewith. This is not a new argument. It was also made by the *Lowry* plaintiffs who were identically situated. *Lowry v. B & O, et al.*, 707 F.2d 721, 722 (3d Cir.1983).

### a. *Federal Claims*

Ciarlante brought this action in New York asserting, *inter alia,* federal claims which were dismissed in *Lowry* in the hope that another Circuit "might produce the needed ruling which the Third Circuit was unable to arrive at." (Plaintiff's Brief at 2). Specifically, Ciarlante refers to the fact that the federal claims in *Lowry* were dismissed only by an aggregation of minority votes.[3] Thus Ciarlante urges the decision is "inconclusive" and without precedential effect in regard to the "travel" issue.

However, federal courts who have addressed the "automatic assignment" or "travel" claim advanced here have found federal securities claims to be generally nonassignable. *See In re Saxon Industries Securities Litigation,* 1986 Fed.Sec. L.Rep. (CCH) ¶ 92,532 (S.D.N.Y.1985); *In re Nucorp Securities Litigation,* 1983 Fed.Sec.L.Rep. (CCH) ¶ 99,577 (S.D.Cal. 1983), *aff'd* 9th Cir. Oct. 3, 1983; *Rose v. Arkansas Valley Environmental and Utility Authority,* 562 F.Supp. 1180 (W.D. Mo.1983); *Independent Investor Protective League v. Saunders,* 64 F.R.D. 564 (E.D.Pa.1974); *International Ladies' Garment Workers' Union v. Shields & Co.,* 209 F.Supp. 145 (S.D.N.Y.1962). Since we agree that federal law does not provide for the automatic assignment of the claims herein asserted, we will dismiss Ciarlante's federal claims.

### b. *Pendant State Claims*

Ciarlante asserts state law claims arising under New York and Maryland law.[4] The Maryland state law claim asserts a fiduciary fraud claim on behalf transferees of debentures. Defendants assert that Maryland law provides recovery only for those parties actually injured by fraudulent conduct, citing *Lustine Chevrolet v. Cadeux,* 19 Md.App. 30, 308 A.2d 747, 750–51 (1973). Defendants also state that they are unaware of any Maryland authority to support Ciarlante's automatic assignment claims. Plaintiff has not countered Defendant's argument in this regard, and the Maryland claim will therefore be dismissed.

Ciarlante's remaining New York State law claim is identical to those asserted by the *Lowry* plaintiffs. The parties have acknowledged this by relying on the arguments they advanced in support of the *Lowry* summary judgment motions, and by incorporating these arguments by reference. For the reasons discussed more fully in our opinion dismissing *Lowry's* state law claims, filed contemporaneously herewith we will also dismiss Ciarlante's New York state law claim.

An appropriate order will issue.

---

3. The *Lowry* district court dismissed the plaintiffs' claims and the Third Circuit affirmed *per curiam* as to their federal claims. *See, Lowry v. B & O,* 707 F.2d 721, *modif. denied* 711 F.2d 1207, *cert. denied* 464 U.S. 893, 104 S.Ct. 238, 78 L.Ed.2d 229 (1983).

4. Defendants argue that no pendant jurisdiction exists here because the federal question regarding "automatic assignment" has already been answered in the negative by the Court of Appeals in *Lowry, supra.* Since there is clearly a "common nucleus of operative fact" between the state and federal claims, *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and since the "travel" issue was not clearly decided by a majority in *Lowry,* we do not find the federal claim so insubstantial as to deprive us of pendant jurisdiction. *Cf. In re Nucorp Energy Securities Litigation, supra,* slip op. at 7–10. Moreover, we have before us similar claims in the *Lowry* case decided this date. Thus the interests of judicial economy also favor retention of the state law claims.