**Lucile LOWRY and Lowry-Zweig Corporation, Plaintiffs,**

v.

**The BALTIMORE AND OHIO RAILROAD COMPANY, the Chesapeake & Ohio Railway Company and Chessie System Inc., Defendants.**

**Civ. A. No. 79–1504.**

United States District Court, W.D. Pennsylvania.

Feb. 27, 1986.

Robert B. Block, Pomerantz Levy Haudek Block & Grossman, New York City, Leonard H. Mendelson, Pittsburgh, Pa., for plaintiffs.

Anthony Basinski, Richard T. Wentley, Reed Smith Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

The complaint in this action was filed October 22, 1979 asserting claims which arose out of the same transaction which gave rise to the claims in related actions.* *Pittsburgh Terminal Corporation v. B & O*, Civil Action No. 77–1455; *Guttman v. B & O*, Civil Action No. 79–94; and *Ciarlante v. CSX Corp.*, Civil Action No. 84–1135. This court originally granted summary judgment on May 15, 1981 dismissing the *Lowry* claims. An appeal was taken and was consolidated with the *Pittsburgh Terminal/Guttman* appeal. The Court of Appeals *en banc* affirmed our dismissal of plaintiffs' federal claims, but remanded the remaining state claims for further consideration. *Lowry v. B & O*, 707 F.2d 721, 723 (3d Cir.1983), *modif. denied* 711 F.2d 1207, *cert. denied* 464 U.S. 893, 103 S.Ct. 238, 78 L.Ed.2d 229 (1983). The action was stayed pending the results of related appeals. Defendants have now filed a motion for summary judgment on the state law claims which plaintiffs oppose. The parties have provided the court with supporting evidentiary materials and briefs. The parties agree that New York law applies.

* See our accompanying opinion of this date in *Ciarlante v. CSX Corp. et al* for a brief history of the related actions.

The sole issue we must determine is whether, in the absence of an express assignment, New York state law provides a cause of action to a debentureholder who purchased the debenture after December 13, 1977 when the alleged violation of state securities law occurred. Simply put, we must decide whether the claims "travel" with the debentures under New York law. Neither party contends that there is any material factual dispute which would preclude judgment.

Defendants argue that neither Section 13–107 of New York General Obligations Law nor U.C.C. § 8–301 supports the "automatic assignment" claims which plaintiffs assert. Defendants rely on the express terms of the statutes, taken in context with the policies and objectives of the New York laws, their legislative history, and case law determining their inapplicability in similar circumstances to support their argument. *See Act, Recommendations of the Law Revision Commission to the Legislature, and Study Relating to the Transfer with Bonds of Claims Connected Therewith*, 9 Leg.Doc. No. 65(D) (1950); *Licht v. Donaldson, Lufkin and Jenrette Securities Corporation*, No. 24560/82, slip. op. (N.Y.Sup.Ct., Sept. 1983), *order and judgment aff'd*, 100 A.D.2d 987, 474 N.Y.S.2d 1004, *appeal denied* 63 N.Y.2d 608, 483 N.Y.S.2d 1024, 472 N.E.2d 1044 (1984): *In re Nucorp Securities Litigation*, 1983 Fed.Sec.L.Rep. (CCH), ¶ 99,577 (S.D.Cal.1983), *aff'd.* No. 73–6468 (9th Cir. Oct. 3, 1985). In affirming the district court in *Nucorp*, the Ninth Circuit dismissed similar state claims indicating:

> The New York courts have already spoken to the issue of automatic assignment of state law claims. In *Licht* ... (cite omitted) the court held that state law claims were not automatically transferred when the underlying security was sold...

*Id.*, slip op. at 14.

Plaintiffs argue that these cases are either distinguishable or based on false rea-

soning and against the explicit wording of the statute.

We disagree. With the district court in *Nucorp*, we believe *Licht* "to be a proper determination of the issues presented, and an authoritative ruling as to New York law." *Nucorp*, at p. 97,261. We therefore will dismiss plaintiffs' claims and grant summary judgment in favor of the defendants.

An appropriate order will issue.